**In re Jason S. GUETZKOW, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 490926).**

**No. 07–BG–283.**

District of Columbia Court of Appeals.

Jan. 24, 2008.

Before RUIZ and KRAMER, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

The Respondent, Jason S. Guetzkow, is a member of the bar of this court as well as California. He was suspended by the Supreme Court of that state on December 12, 2006, due to his substandard representation of several clients.[1] The respondent's term of suspension was one year, but execution was suspended as to all but ninety days subject to various conditions of a two-year probation.

On April 12, 2007, the Office of Bar Counsel filed a certified copy of the California discipline with this court, and we subsequently issued an order suspending respondent on an interim basis pursuant to D.C. Bar R. XI, § 11, 11(d). We further directed the Board on Professional Responsibility ('Board') to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*. *See* D.C. Bar R. XI, § 11. Respondent failed to file the affidavit required by D.C. Bar R. XI, § 14(g).

On November 19, 2007, the Board filed a report that recommends we impose the identical reciprocal discipline of a one-year suspension, with execution stayed in favor of a ninety-day suspension followed by two years of probation subject to most of the terms and conditions imposed by the California Supreme Court.[2] Bar Counsel advises us that he takes no exception to the Board's recommendation, and Respondent has not filed any opposition. Given this lack of opposition our scope of review is extremely limited, and we hereby accept the Board's recommendation. *See* D.C. Bar R. XI, § 11(f); *In re Goldsborough*, 654 A.2d 1285 (D.C.1995). Accordingly, it is

ORDERED that Jason S. Guetzkow be suspended from the practice of law in the District of Columbia for a period of one-year; however, this suspension is hereby stayed in favor of Respondent serving a ninety-day suspension followed by two years of probation under the terms and conditions set by the California Supreme Court in its order of December 12, 2006. It is

FURTHER ORDERED that for the purposes of reinstatement this suspension will be deemed to run from the date Respondent files an affidavit that complies with the requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*

---

1. Respondent's actions would have constituted violations of D.C. Rules of Professional Conduct 1.1.(a) (competence), 1.4(a) (communication), 1.16(d) (termination of representation), and 8.1(b) (knowing failure to respond to disciplinary inquiry).

2. As the Board notes in its Report and Recommendation, this jurisdiction does not require the payment of costs of disciplinary proceedings and so we exempt respondent from this condition with respect to the cost of the D.C. disciplinary proceedings.